## YOUNG v. LYALL.

*(Superior Court of New York City, General Term.   May 6, 1889.)*

MALICIOUS PROSECUTION—PROVINCE OF JURY.

In an action for malicious prosecution, in which plaintiff was charged with larceny, defendant testified that he had no personal knowledge of the matter; that he relied on information derived from his foreman, that on plaintiff's discharge from defendant's employ certain pieces of machinery with which plaintiff had worked were discovered in plaintiff's trunk; and that it was the conclusion of a magistrate, before whom these facts were laid, that larceny had been committed, and not malice that led him to institute the prosecution.  It appeared that there was an explanation concerning the articles discovered in plaintiff's trunk, which defendant could have obtained had he tried; that he submitted to the magistrate the incriminating circumstances without disclosing the extenuating circumstances; that no larceny had in fact been committed; and that the prosecution was not instituted until five days after the discovery, and after lawyers retained by plaintiff had threatened to sue defendant unless a certain claim were settled.  *Held,* that the court properly refused to direct a verdict for defendant. .

Appeal from jury term.

Action by John Young against William Lyall, for malicious prosecution. Defendant appeals from a judgment entered on a verdict for plaintiff, and. from an order denying a motion for a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*John H. V. Arnold,* for appellant.   *Kelly & MacRae,* for respondent.

FREEDMAN, J.  The action is for the recovery of damages for malicious prosecution.  The charge made by the defendant against the plaintiff was grand larceny.  At the trial both parties gave evidence, and the issues were submitted to the jury under instructions which, if the case was one for the jury, carefully guarded every right the defendant had.  There was no error in the charge, or in the refusals to charge otherwise.  The defendant insists, however, that either the complaint should have been dismissed, or that a verdict should have been directed in his favor.  The exceptions taken call for the consideration and determination of these points.

In an action for malicious prosecution the plaintiff must establish (1) the want of probable cause for the complaint made, and (2) malice in the defendant.  Upon both propositions he holds the affirmative.  The question of probable cause does not depend upon whether in fact the offense charged was committed or not, nor whether the accused was guilty or innocent, but upon the question whether the prosecutor had reasonable grounds for believing that he had a right to prefer the charge which he made.  For the same reason the mere fact that the prosecution terminated in favor of the accused is not of itself evidence that probable cause did not exist.  So malice is not necessarily inferable from want of probable cause.  Unless the circumstances showing want of probable cause justify also the inference of malice, the plaintiff must establish malice by additional evidence.  The evidence shows that when the plaintiff rested he had made out a *prima facie* case under these rules.  It therefore remains to be seen whether the evidence given by and on behalf of the defendant called for the direction of a verdict in defendant's favor.  The defendant claimed that he had no personal knowledge of the matters which constituted the foundation of the charge; that he relied upon information derived from the foreman of his factory; that such information was to the effect that, on plaintiff's discharge from defendant's employ, certain small pieces of machinery upon which, with others, the plaintiff had been at work, were discovered in plaintiff's trunk; that he, the defendant, had laid the facts before a police magistrate, who concluded that they constituted grand larceny; and that it was this conclusion reached by the police magistrate, and not malice, which led the defendant to make the affidavit upon which the prosecution proceeded. But it also appeared that there was an explanation concerning the articles

discovered in plaintiff's trunk which the defendant could have readily had, and which he made no effort to get; that in view of the relations between the parties, and the character of plaintiff's employment, and the nature of the work he had been doing, the defendant should have hesitated to charge larceny; that no larceny had been committed; that to defendant's personal knowledge plaintiff's trunk had not been removed from defendant's premises at the time of the alleged discovery; that the defendant had submitted to the police magistrate the incriminating circumstances without disclosing the extenuating circumstances; that the application to the police magistrate had not been made at or about the time of the discovery, but five days thereafter, and that in the mean time the plaintiff, through lawyers retained for that purpose, had demanded from the defendant the settlement of a certain claim, with notice that, if not paid, suit would be brought. Upon these and other circumstances not necessary to be specifically mentioned the case was one for the jury, and the direction of a verdict in favor of the defendant would have been erroneous. The judgment and order appealed from should be affirmed, with costs.